WILSON TURNER KOSMO LLP
MARISSA L. LYFTOGT (259559)
402 West Broadway, Suite 1600
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669
E-mail: mlyftogt@wilsonturnerkosmo.com

Attorney for Defendants
ANSER ADVISORY, LLC and ANSER
ADVISORY MANAGEMENT, LLC;

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| CARA SCHLICKMAN,<br><br>      Plaintiff,<br><br>      v.<br><br>ANSER ADVISORY, LLC; ANSER ADVISORY MANAGEMENT, LLC formerly known as DHS CONSULTING, INC./LLC; SUDIR DAMLE, an individual; GARY COOLEY, an individual; MARLENE HUMBERT, an individual; LOYELLA COUTTS, an individual; and DOES 1-10.<br><br>      Defendants. | Case No. 8:24-cv-1076<br><br>**DEFENDANTS' NOTICE OF REMOVAL**<br><br>**[28 U.S.C. §§ 1332(a), 1441, and 1446]**<br><br>Trial Date:     Not Set<br>Complaint Filed: August 28, 2023<br>FAC Filed:     April 18, 2024 |
|---|---|

TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. sections 1332(a), 1441, and 1446, Defendants Anser Advisory, LLC and Anser Advisory Management, LLC; (hereinafter, "Defendants" or "Anser Advisory") hereby remove the above-entitled action from the Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of California on the basis of diversity of citizenship. Defendants state the following in support of their removal:

-1-        Case No. 8:24-cv-1076

# I.   THE REMOVED CASE

1.   On August 28, 2023, Plaintiff CARA SCHLICKMAN ("Plaintiff") initiated a lawsuit in the Superior Court of the State of California, County of Orange against "ANSER ADVISORY formerly known as DHS CONSULTING, LLC." The summons was subsequently issued for "ANSER ADVISORY formerly known as DHS CONSULTING, LLC." The complaint contained six causes of action: (1) Disability Discrimination; (2) Sex/Gender Discrimination/Pregnancy, Childbirth and/or related Medical Conditions Discrimination; (3) Wrongful Termination in Violation of Public Policy; (4) Declaratory Relief; (5) Waiting Time Penalties; and (6) Unfair Competition.

2.   On March 1, 2024, Plaintiff served a copy of the complaint and summons on Defendant ANSER ADVISORY MANAGEMENT, LLC via its registered agent for service of process. The summons did not identify Defendant ANSER ADVISORY MANAGEMENT, LLC. A true and correct copy of the Complaint with summons that was served on Defendant ANSER ADVISORY MANAGEMENT, LLC is attached hereto as **Exhibit A**.

3.   Defendant ANSER ADVISORY MANAGEMENT, LLC never responded to the complaint. (Declaration of Marissa Lyftogt (Lyftogt Dec.), ¶ 3.)

4.   On April 18, 2024, Plaintiff filed a First Amended Complaint adding Defendant ANSER ADVISORY MANAGEMENT, LLC and Defendant ANSER ADVISORY, LLC as parties. (Lyftogt Dec., ¶ 4.) The First Amended Complaint also added ten new causes of action and added individual defendants SUDIR DAMLE, GARY COOLEY, MARLENE HUMBERT and LOYELLA COUTTS. (*Id.*)

5.   The First Amended Complaint contains the following sixteen causes of action: (1) Disability Discrimination [Gov. Code § 12940(a)]; (2) Sex/Gender Discrimination/Pregnancy, Childbirth and/or related Medical Conditions Discrimination [Gov. Code §§ 12926(r)(1)(A) and/or (B); Gov. Code § 12940(a)]; (3) Failure to Accommodate [Gov. Code § 12940(m)]; (4) Failure In A Timely, Good

-2-                                   Case No. 8:24-cv-1076
DEFENDANTS' NOTICE OF REMOVAL

Faith, Interactive Process To Determine Effective Reasonable Accommodations [Gov. Code § 12940(n)]; (5) Unlawful Employment Practices Concerning Pregnancy, Childbirth, Related Medical Condition [Gov. Code § 12945]; (6) Wrongful Termination In Violation Of Public Policy, Specifically California's FEHA; (7) Failure To Pay Minimum Wages, Interest Thereon, Reasonable Attorney's Fees, And Costs Of Suit [Lab. Code §§ 558.1, 1194, 1197, 1197.1(a)(3)]; (8) Liquidated Damages In An Amount Equal To The Minimum Wages Unlawfully Unpaid And Interest Thereon [Lab. Code § 1194.2]; (9) Failure To Pay Sick Leave [Lab. Code § 246]; (10) Failure To Pay Overtime Wages, Interest Thereon, Reasonable Attorney's Fees, And Costs Of Suit [Lab. Code §§ 510, 558.1, and 1194]; (11) Missed, Interrupted, On-Call And/Or Untimely Meal Periods [Lab. Code §§ 226.7(b) & (c), 512, and 558.1] (12) Missed, Interrupted, On-Call And/Or Untimely Rest Breaks [Lab. Code §§ 226.7 and 558.1]; (13) Lab. Code § 203 Waiting Time Penalties For Willful Violation Of Lab. Code § 201 [Lab. Code § 558.1]; (14) Failure To Reimburse All Necessary Business Expenses; (15) Unfair Business Practices [B & P Code § 17200 et. seq.]; and (16) Unfair Competition [B & P Code § 17200 et. seq.]. A true and correct copy of the First Amended Complaint filed on April 18, 2024 is attached hereto as **Exhibit B**.

6.     On May 2, 2024, Plaintiff requested and received an amended summons naming ANSER ADVISORY MANAGEMENT, LLC, ANSER ADVISORY, LLC, SUDIR DAMLE, GARY COOLEY, MARLENE HUMBERT and LOYELLA COUTTS. [1] (Lyftogt Dec., ¶ 5.) A true and correct copy of the amended summons is attached hereto as **Exhibit C**.

---

[1] Under California law, an amended pleading making substantive changes supersedes the original. (*State Comp. Ins. Fund v. Sup.Ct. (Onvoi Business Solutions, Inc.)*, 184 Cal.App.4th 1124, 1130-1131 (2010).) Thus, a plaintiff is required to obtain an amended summons and to serve the amended complaint and summons "in the manner provided for service of summons." (*Engebretson & Co. v. Harrison*, 125 Cal.App.3d 436, 443-444 (1981).)

7.     As of the date of this removal, Plaintiff has not personally served Defendant ANSER ADVISORY MANAGEMENT, LLC or Defendant ANSER ADVISORY, LLC with the amended summons and First Amended Complaint as required. (Lyftogt Dec., ¶ 6.)

8.     Upon information and belief, Plaintiff has not served any of the individual defendants with the amended summons and First Amended Complaint. (Lyftogt Dec., ¶ 7.)

9.     This Removal is brought by Defendant ANSER ADVISORY MANAGEMENT, LLC and Defendant ANSER ADVISORY, LLC. Consent of the individual defendants is not required because they are sham defendants and further because they have not been properly served. (28 U.S.C. § 1446(b)(2)(A); see also *Chambers v. HSBC Bank USA, N.A.*, 796 F3d 560, 564-565 (6th Cir. 2015)[sham defendants need not consent in removal]; *Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011) [co-defendants not properly served need not join in removal].)

## II.     THE REMOVAL IS TIMELY

10.     A defendant may learn that an action is removable in one of two ways: through the face of the initial pleadings or through the receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." (28 U.S.C. § 1446(b).)

11.     Here, the removing Defendants, ANSER ADVISORY MANAGEMENT, LLC and ANSER ADVISORY, LLC, were not named in the initial complaint or summons. As such, the initial complaint lacked sufficient information to determine removability based on diversity jurisdiction as the parties are not clearly identified. (See, e.g. *Harris v. Bankers Life & Cas. Co.*, 425 F3d 689, 692-693 (9th Cir. 2005)[removal clock is not triggered where "it is unclear from the complaint whether the case is removable"].)

12.     Further, even assuming *arguendo* Defendant ANSER ADVISORY MANAGEMENT, LLC was on notice of removability when it was served with the

-4-                                  Case No. 8:24-cv-1076

initial complaint, removal is still timely since Defendant ANSER ADVISORY, LLC has never been properly served in this case and, therefore, the removal clock has not yet been triggered. (28 USC § 1446(b)(2)(B)["Each defendant shall have 30 days after receipt by or service on that defendant" by which to file the notice of removal].)

13.    This Removal is brought within one year of the date of filing of the state action as required for diversity actions. (28 USC § 1446(c)(1), (3)(B).)

14.    No previous Notice of Removal has been filed or made with this Court.

**III.    THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION**

15.    This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1332(a), and may be removed to this Court by Defendant ANSER ADVISORY MANAGEMENT, LLC or Defendant ANSER ADVISORY, LLC pursuant to the provisions of 28 U.S.C. § 1441(b), because it is a civil action between citizens of different states and it appears on the face of the First Amended Complaint that the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

**A.    Complete Diversity Exists Between Plaintiff And The Properly-Joined Defendants.**

    **i.    Plaintiff is a citizen of California**

16.    Upon information and belief, at the time of the filing of the Complaint and this Notice of Removal, Plaintiff was and still is a citizen of California. (*Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014) [a party may allege citizenship on information and belief.].)

17.    For diversity purposes, an individual is a "citizen" of the state where she is domiciled.  (See *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001).)  While the First Amended Complaint is silent as to Plaintiff's citizenship, Plaintiff filed a charge with the Department of Fair Employment and Housing on February 8, 2022 indicating her residence was in Anaheim, California. (Lyftogt Dec., ¶ 8; Plaintiff's DFEH Charge, attached as Exhibit 1 to Lyftogt Dec.) Plaintiff's

Anaheim, California residence is *prima facie* evidence that she is domiciled in California for purposes of diversity. (See *Barrera v. W. United Ins. Co.*, 567 F. App'x 491, 492 n.1 (9th Cir. 2014) ["The place where a person lives is taken to be his domicile until facts adduced establish the contrary."] [internal citations omitted].)

       ii.     <u>The Only Properly Joined Defendants, Anser Advisory Management, LLC and Anser Advisory, LLC Are Not Citizens of California</u>

18. Defendant ANSER ADVISORY MANAGEMENT, LLC is, and was (as of August 28, 2023, the time this action was filed in state court), a limited liability company. Like partnerships, citizenship of LLCs are determined by analyzing the citizenship of each member of the LLC. (*Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) [joining other circuits and holding "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens"]). The sole member of Defendant ANSER ADVISORY MANAGEMENT, LLC is, and was (as of August 28, 2023, the time this action was filed in state court), Defendant ANSER ADVISORY, LLC. (Declaration of Robert F. Goldman ("Goldman Dec."), ¶ 4.)

19. Defendant ANSER ADVISORY, LLC is and always has been a limited liability company. (Goldman Dec., ¶ 5.) As of August 28, 2023 (the date the complaint was filed), the sole member of Defendant ANSER ADVISORY, LLC was Accenture Sub IV Inc., which was a corporation duly organized under the laws of Delaware with its principal place of business located outside of California. (*Id.*)

20. As of the date of removal, Accenture LLP is the sole member of Defendant ANSER ADVISORY, LLC. (Goldman Dec., ¶ 6.) Accenture LLP is a limited liability partnership duly organized and existing under the laws of Illinois. (*Id.*) Accenture LLP has six partners, none of which are citizens of California. (*Id.*)

///

///

-6-          Case No. 8:24-cv-1076

DEFENDANTS' NOTICE OF REMOVAL

a.  The first partner in Accenture LLP is Accenture Inc., a corporation duly organized under the laws of Delaware with its principal place of business located outside of California. (Goldman Dec., ¶ 6(a).)

b.  The second partner in Accenture LLP is Accenture LLC, a limited liability company duly organized under the laws of Delaware.  No member of Accenture LLC is a citizen of California. (Goldman Dec., ¶ 6(b).)

c.  The third partner in Accenture LLP is Accenture Sub II Inc., a corporation duly organized under the laws of Delaware with its principal place of business located outside of California. (Goldman Dec., ¶ 6(c).)

d.  The fourth partner in Accenture LLP is Accenture Sub III Inc., a corporation duly organized under the laws of Delaware with its principal place of business located outside of California. (Goldman Dec., ¶ 6(d).)

e.  The fifth partner in Accenture LLP is Accenture Sub IV Inc., a corporation duly organized under the laws of Delaware with its principal place of business located outside of California. (Goldman Dec., ¶ 6(e).)

f.  The sixth partner in Accenture LLP is Accenture Sub V Inc., a corporation duly organized under the laws of Delaware with its principal place of business located outside of California. (Goldman Dec., ¶ 6(f).)

21.  In sum, as of the date this action was filed, complete diversity existed between Plaintiff and Defendants ANSER ADVISORY MANAGEMENT, LLC and ANSER ADVISORY, LLC. Further, as of the date of removal, there is complete diversity as between Plaintiff and the only two properly joined Defendants, ANSER ADVISORY MANAGEMENT, LLC and ANSER ADVISORY, LLC.

///

///

///

///

-7-                    Case No. 8:24-cv-1076

DEFENDANTS' NOTICE OF REMOVAL

      iii.    <u>Individual Defendants Gary Cooley and Marlene Humbert Are Not Citizens of California and All Defendants' Citizenship Must be Disregarded Since They Have Been Fraudulently Joined</u>

22.    Defendant Gary Cooley is, and was (as of August 28, 2023, the time this action was filed in state court), a resident of Texas. (Lyftogt Dec., ¶ 9.) He is therefore a citizen of Texas for purposes of diversity jurisdiction.

23.    Defendant Marlene Humbert is, and was (as of August 28, 2023, the time this action was filed in state court), a resident of Arizona. (Lyftogt Dec., ¶ 10.) She is therefore a citizen of Arizona for purposes of diversity jurisdiction.

24.    Defendants Sudir Damle and Loyella Coutts are former employees of Anser Advisory. Anser Advisory lacks information as to where these individual defendants currently reside and therefore cannot confirm their citizenship. However, their citizenship must be disregarded since they are fraudulently joined.

25.    For purposes of diversity jurisdiction, courts only consider citizenship of properly-named defendants and will not consider the citizenship of fraudulently-joined "sham" defendants. (See *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)["It is a commonplace that fraudulently joined defendants will not defeat removal on diversity grounds."]; see also *TPS Utilicom Services, Inc. v. AT & T Corp.*, 223 F. Supp. 2d 1089, 1100–01 (C.D. Cal. 2002).)

26.    "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." (*McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).)

27.    In cases where the claims against the fraudulently joined defendants are barred by the applicable statute of limitations, courts disregard the citizenship of those defendants. (See *Ritchey v. Upjohn Drug Co.*, *supra*, 139 F.3d 1313 at 1319-1320 [disregarding citizenship of defendants where claims were time barred by applicable statute of limitations under California law]; see also *Kaldis v. Wells Fargo Bank, N.A.*,

2016 WL 6407377, at *4–6 (C.D. Cal. Oct. 28, 2016) [denying motion to remand and holding the individual defendant was fraudulently joined, in part, because the plaintiff could not establish her IIED claims due to the statute of limitations].)

28.   Here, Plaintiff's claims against the individual defendants (Sudir Damle Loyella Coutts, Gary Cooley and Marlene Humbert) are all premised upon Labor Code section 558.1, which provides that "[a]ny employer or other person acting on behalf of an employer, who violates, or causes to be violated…Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation." (Ca. Labor Code § 558.1; First Amended Complaint, Ex. B, ¶ 20.) Thus, in order to state a claim against the individual defendants, Plaintiff must first establish a valid claim under the Labor Code. Here, Plaintiff's First Amended Complaint alleges the following Causes of Action against the individual defendants premised upon alleged Labor Code violations:

a.   Seventh Cause of Action for Failure To Pay Minimum Wages, Interest Thereon, Reasonable Attorney's Fees, And Costs Of Suit [Lab. Code §§ 558.1, 1194, 1197, 1197.1(a)(3)];

b.   Tenth Cause of Action for Failure To Pay Overtime Wages, Interest Thereon, Reasonable Attorney's Fees, And Costs Of Suit [Lab. Code §§ 510, 558.1, and 1194];

c.   Eleventh Cause of Action for Missed, Interrupted, On-Call And/Or Untimely Meal Periods (Lab. Code §§ 226.7(b) & (c), 512, and 558.1);

d.   Twelfth Cause of Action for Missed, Interrupted, On-Call And/Or Untimely Rest Breaks [Lab. Code §§ 226.7 and 558.1];

e.   Thirteenth Cause of Action for Lab. Code § 203 Waiting Time Penalties For Willful Violation Of Lab. Code § 201 [Lab. Code § 558.1];

///

-9-                                    Case No. 8:24-cv-1076
DEFENDANTS' NOTICE OF REMOVAL

      f.   Fourteenth Cause of Action Failure To Reimburse All Necessary Business Expenses [Lab. Code §§ 558.1 and 2802].

29. The statute of limitations for Plaintiff's Labor Code claims asserted in her Seventh, Tenth, Eleventh, Twelfth and Fourteenth Causes of Action is three years from the date of accrual. (Cal. Code Civ. Pro., § 338(a); *Cuadra v. Millan*, 17 Cal.4th 855, 859-860 (1998).) A cause of action for unpaid wages accrues when the wages first become legally due, i.e., on the regular payday for the pay period in which the employee performed the work. (*Cuadra*, 17 Cal.4th at 859-860.)

30. Plaintiff's Thirteenth Cause of Action for waiting time penalties is tied to the statute of limitations for the underlying Labor Code claims. Specifically, Labor Code section 203(b) provides "[s]uit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise." (Cal. Labor Code § 203(b).)

31. Here, Plaintiff alleges Labor Code violations that occurred on or prior to her last date of work on October 14, 2019. (First Amended Complaint, Ex. B, ¶¶ 51-53.) Thus, the latest Plaintiff's Labor Code claims could have accrued is the following pay period (e.g. October 18, 2019). (*Cuadra*, *supra*, 17 Cal.4th at 859-860.) There cannot be any Labor Code violations thereafter since Plaintiff admits she did not perform any work for the company after October 14, 2019 as she was on a leave of absence and never returned to work. (See, e.g., First Amended Complaint, Ex. B, ¶ 55 [Plaintiff began a leave of absence due to pregnancy related disability on October 14, 2019], ¶ 59 [in February 2020, Plaintiff extended her leave of absence six months], ¶¶ 61-65 [Plaintiff attempted to return to work with restrictions but was terminated].) As such, applying the three-year statute of limitations, Plaintiff had until October 18, 2022 to file her lawsuit.

32. Plaintiff's First Amended Complaint alleges that her Labor Code claims are timely because of the tolling provided by Judicial Counsel Emergency Rule 9, which was enacted during the pandemic. (First Amended Complaint, Ex. B,

¶¶ 41-44.) Judicial Counsel Emergency Rule 9 tolled the statute of limitations period 179 days, from April 6, 2020, until October 1, 2020. (Judicial Counsel Emergency Rule 9.) For purposes of this Removal only, to construe all facts in Plaintiff's favor as it must, Anser Advisory assumes this rule can be applied here. Thus, assuming *arguendo* Judicial Counsel Emergency Rule 9 applies, it would only toll the statute of limitations period until April 14, 2023 (adding 179 days to the total limitations period). (See Advisory Committee Comment re Judicial Counsel's Emergency Rule 9 ["Depending on the specific facts of the case and the applicable statute of limitation or repose, the effect of the tolling may survive beyond the sunset date of the rule. For example, if the right to file a cause of action subject to the four-year statute of limitation in Code of Civil Procedure section 337 first accrued on February 15, 2020, the statute of limitation, having been tolled from April 6, 2020, until October 1, 2020, under subdivision (a), would expire in August 2024 rather than February 2024."].)

33.    Here, Plaintiff did not file her First Amended Complaint alleging the Labor Code claims against the individual defendants until April 18, 2024, which is over a year past the tolled statute of limitations period (assuming *arguendo* Judicial Counsel Emergency Rule 9 applied). Further, even assuming *arguendo* that Plaintiff's First Amended Complaint related back to the initial complaint (which it does not because it did not contain any alleged violations of the Labor Code sections at issue in the First Amended Complaint)[2], her claims would still be time barred as the initial complaint was not filed until August 28, 2023 (four months after the tolled statute of limitations expired).

---

[2] Due process forbids relation back where the statute of limitations has run at the time of the filing of the amended complaint. (*Ingram v. Sup.Ct. (Slinkard)*, 98 CA3d 483, 492 (1979) ["The straightforward rule is that amendment after the statute of limitations has run will not be permitted when the result is the addition of a party who, up to the time of the proposed amendment, was neither a named nor a fictitiously designated party to the proceeding."].)

DEFENDANTS' NOTICE OF REMOVAL

34. Further, as discussed above, there is no possibility that Plaintiff can state a claim against the individual defendants under the Labor Code since the last date she claimed to have worked for Anser Advisory was on or about October 14, 2019. (First Amended Complaint, Ex. B, ¶¶ 9, 55.)

35. In sum, the Labor Code claims pled against the individual defendants for the first time in Plaintiff's First Amended Complaint filed April 18, 2024 relating to alleged Labor Code violations that occurred at the latest in October 2019 are time barred as a matter of California law, even applying the tolling provided in Judicial Counsel's Emergency Rule 9. Therefore, these individual defendants should be considered fraudulently joined and their citizenship disregarded. (See *Ritchey v. Upjohn Drug Co.*, *supra*, 139 F.3d 1313 at 1319-1320 [disregarding citizenship of defendants where claims were time barred by applicable statute of limitations under California law].)

iv.    The Citizenship of Doe Defendants is Also Disregarded

36. The First Amended Complaint also names Does 1-10 as defendants. (First Amended Complaint, Ex. B.) Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of these defendants is disregarded for purposes of removal. (*Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998) [holding that for removal purposes, the citizenship of defendants sued under fictitious names shall be disregarded]; see also *Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002).)

**B.    The Amount in Controversy Exceeds $75,000**

37. From the face of the First Amended Complaint, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. (28 U.S.C. § 1332.)

38. Specifically, in Plaintiff's Prayer for Relief on her FEHA Causes of Action, Plaintiff seeks at least $820,096 in damages comprised of the following amounts:

     a. "For compensatory damages, together with prejudgment interest, in an amount not less than $60,008 for each year SCHLICKMAN did not earn at least $60,008, the annual amount she would have earned if ANSER ADVISORY had not wrongfully terminated her." (First Amended Complaint, Ex. B, page 31.)

     b. "For emotional distress damages in an amount not less than $60,008 for each year, or pro rata basis of such, SCHLICKMAN suffered serious emotional distress caused by Defendant(s)'s violation of California's FEHA." (First Amended Complaint, Ex. B, page 31.)

     c. "For exemplary and punitive damages, in an amount not less than $600,080." (First Amended Complaint, Ex. B, page 31.)

     d. "For reasonable attorney's fees, according to proof, in a minimum amount of $100,000." (First Amended Complaint, Ex. B, page 31.)

39. Plaintiff also seeks compensatory damages for her Labor Code claims and attorneys' fees in a minimum amount of $100,000. (First Amended Complaint, Ex. B, page 34.)

40. Thus, taken together, Plaintiff seeks damages well in excess of the $75,000 threshold based on the face of the First Amended Complaint.

**IV.    <u>THE OTHER REQUIREMENTS FOR REMOVAL ARE MET</u>**

41. Removal to this Court is proper as the Superior Court of the State of California, County of Orange, where this action was originally filed, is located within this district. (28 U.S.C. § 1441(a).)

42. A true and correct copy of all other process, pleadings, and orders served in this action at the time of this removal, and known to Defendants ANSER ADVISORY MANAGEMENT, LLC and ANSER ADVISORY, LLC, are attached hereto as **Exhibit D**. Pursuant to 28 U.S.C. § 1446(a), and to the best of Anser Advisory's knowledge, **Exhibits A** through **D** constitute all the process, pleadings, and orders served in this action at the time of this removal.

DEFENDANTS' NOTICE OF REMOVAL

43.     Counsel for Anser Advisory certifies that it will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Orange, and give notice to counsel for Plaintiff.

## V.     CONCLUSION

44.     Based on the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and the action may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

45.     If any question arises as to the propriety of the removal of this action, Anser Advisory requests the opportunity to brief any disputed issues, and present oral argument in favor of its position that this case is properly removable.

46.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Anser Advisory's right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defense available under state or federal law.

Dated:    May 17. 2024              **WILSON TURNER KOSMO LLP**

By:    */s/ Marissa L. Lyftogt*
MARISSA L. LYFTOGT
Attorney for Defendants
ANSER ADVISORY, LLC and
ANSER ADVISORY
MANAGEMENT, LLC

-14-                              Case No. 8:24-cv-1076
DEFENDANTS' NOTICE OF REMOVAL

# INDEX OF EXHIBITS

| Exhibit Number | Description | Page Numbers |
|----------------|-------------|--------------|
| A. | Complaint with summons filed August 28, 2023 naming "ANSER ADVISORY formerly known as DHS CONSULTING, LLC" as a defendant | 16 – 54 |
| B. | First Amended Complaint filed on April 18, 2024 adding Anser Advisory Management, LLC, Anser Advisory, LLC, Sudir Damle, Gary Cooley, Marlene Humbert and Loyella Coutts as defendants | 55 – 89 |
| C. | Amended summons issued on May 2, 2024 naming Anser Advisory Management, LLC, Anser Advisory, LLC, Sudir Damle, Gary Cooley, Marlene Humbert and Loyella Coutts | 90 – 91 |
| D. | Other process, pleadings, and orders served in this action at the time of this removal | 92 – 98 |

DEFENDANTS' NOTICE OF REMOVAL