# Exhibit "A"

Exh. A - 16

# CORPORATE CREATIONS®
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

Anser Advisory Management, LLC
Main Contact Record Main Contact Record
Accenture
500 W Madison Street
Chicago IL 60661

March 04, 2024

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s). **ALL information should be verified by you.**

Item: 2024-97

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| 1. | Entity Served: | Anser Advisory Management, LLC |
|---|---|---|
| 2. | Title of Action: | Cara Schlickman vs. Anser Advisory, et al. |
| 3. | Document(s) Served: | Summons<br>Civil Case Cover Sheet<br>Complaint<br>Notice of Hearing Case Management Conference |
| 4. | Court/Agency: | Orange County Superior Court |
| 5. | State Served: | California |
| 6. | Case Number: | 30-2023-01344722-CU-WT-NJC |
| 7. | Case Type: | Disability Discrimination |
| 8. | Method of Service: | Hand Delivered |
| 9. | Date Received: | Friday 03/01/2024 |
| 10. | Date to Client: | Monday 03/04/2024 |
| 11. | # Days When Answer Due:<br>Answer Due Date: | 30<br>Sunday 03/31/2024 | CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | Sop Sender:<br>(Name, City, State, and Phone Number) | Michelle L. Reynolds<br>Sacramento, CA<br>714-474-8097 |
| 13. | Shipped To Client By: | Email Only with PDF Link |
| 14. | Tracking Number: | |
| 15. | Handled By: | 051 |
| 16. | Notes: | Also Attached:<br>* Clerk's Certificate of Service by Mail, etc. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

801 US Highway 1 North Palm Beach, FL 33408   Tel: (561) 694-8107   Fax: (561) 694-1639
www.CorporateCreations.com

Exh. A - 17

**SUMMONS**
*(CITACION JUDICIAL)*

**SUM-100**

| |
|---|
| **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ANSER ADVISORY, formerly known as DHS CONSULTING, LLC; and DOES 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CARA SCHLICKMAN

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California, County of
Orange 700 Civic Center Drive West, Santa Ana, CA 92701

**CASE NUMBER:**
*(Número del Caso):*

30-2023-01344722-CU-WT-NJC

Judge Craig Griffin

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michelle Reynolds, Esq., 2110 K Street, 124, Sacramento, CA 95816 (714-474-8097)

DATE: 06/30/2023        DAVID H. YAMASAKI, Clerk of the Court        Clerk, by _____ V. Hammer _____, Deputy
*(Fecha)*        *(Secretario)*        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*



**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* ANSER ADVISORY MANAGEMENT, LLC

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☒ other *(specify):* LLC    3-1-24
4. ☐ by personal delivery on *(date):* 3-1-24

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Michelle Reynolds, (SBN: 288234)
2110 K Street, 124, Sacramento, CA 95816

TELEPHONE NO.: (714) 474-8097    FAX NO. *(Optional):*
E-MAIL ADDRESS: AttorneyMichelleReynolds@gmail.com
ATTORNEY FOR *(Name):* Cara Schlickman

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE    North Justice Center
STREET ADDRESS: ~~700 Civic Center Drive West~~
MAILING ADDRESS: ~~700 Civic Center Drive West~~    1275 North Berkeley Avenue
CITY AND ZIP CODE: ~~Santa Ana 92701~~
BRANCH NAME: ~~Central Justice Center~~    Fullerton, CA 92832-1258

CASE NAME:
Cara Schlickman v. Anser Advisory, formerly known as DHS Consulting; and DOES 1-50.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 30-2023-01344722-CU-WT-NJC |
|---|---|---|
| ☑ Unlimited ☐ Limited (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | Assigned for all purposes to JUDGE: Judge Craig Griffin DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☒ monetary b. ☒ nonmonetary; declaratory or injunctive relief c. ☒ punitive
4. Number of causes of action *(specify):* 6
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 28, 2023

Michelle L. Reynolds, Esq.
_____
*(TYPE OR PRINT NAME)*

By: *Michelle L. Reynolds*
_____
Michelle L. Reynolds, Esq.
*(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

Exh. A - 19

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

Page 2 of 2

For your protection and privacy, please press the Clear

Electronically Filed by Superior Court of California, County of Orange, 06/26/2023 11:32:01 PM.
30-2023-01344722-CU-WT-NJC - ROA #2 - DAVID H. YAMASAKI, Clerk of the Court By A. Vega, Deputy Clerk.

Case 8:24-cv-01076-DOC-KES    Document 1-1    Filed 05/17/24    Page 6 of 39    Page ID #:21

Michelle L. Reynolds, Esq., SBN 288234
**THE Legal Advocate**
2110 K Street, 124
Sacramento, CA 95816
Phone: (714) 474-8097
Fax: (714) 845-9963
Email: AttorneyMichelleReynolds@gmail.com

Attorney for Plaintiff CARA SCHLICKMAN

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF ORANGE COUNTY

| | |
|---|---|
| CARA SCHLICKMAN,<br><br>Plaintiff,<br><br>vs.<br><br>ANSER ADVISORY, formerly known as DHS CONSULTING, LLC; and DOES 1-50.<br><br>Defendants. | Case No.: _ 30-2023-01344722-CU-WT-NJC<br>Assigned for all purposes to Judge _ Judge Craig Griffin<br>**COMPLAINT FOR:**<br><br>1. DISABILITY DISCRIMINATION [Gov. Code § 12940(a)]<br>2. SEX/GENDER DISCRIMINATION/ PREGNANCY, CHILDBIRTH, AND/OR RELATED MEDICAL CONDITIONS DISCRIMINATION [Cal. Gov. Code §12940(a)]<br>3. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY<br>4. DECLARATORY RELIEF [Cal. Gov. Code §12920]<br>5. WAITING TIME PENALTIES [Lab. Code § 203 for violation of Lab. Code § 201]<br>6. UNFAIR COMPETITION [Bus. & Prof. Code § 17200 et. seq.]<br><br>**[DEMAND FOR A JURY TRIAL]** |

Plaintiff CARA SCHLICKMAN (SCHLICKMAN or Plaintiff), alleges and complains based upon her own knowledge and acts—unless specifically stated based on information and belief—the following against ANSER ADVISORY, formerly known as DHS CONSULTING, herein referred to as ANSER ADVISORY; and DOES 1-50, all of whom are hereinafter collectively referred to as Defendants.

///

Cara Schlickman v. Anser Advisory f.k.a. DHS Consulting - Complaint Page 1 of 21

## INTRODUCTION

1. This action arises out of Defendants' numerous violations, including California's Government Code Fair Employment and Housing Act (FEHA), Labor Code, and Business and Professions Code.

## JURISDICTION & VENUE

2. Pursuant to California Code of Civil Procedure (CCP) § 395(a), the superior court in the county where the Defendants or some of them reside at the commencement of the action is the proper court for the trial of the action.

3. At the commencement of and at all relevant dates relating to this action, defendants, including ANSER ADVISORY conducted/s business in and from the city of Santa Ana located in Orange County, California. On information and belief, so too do DOES 1-50.

4. There is no federal question at issue as the claims herein are based solely on California law.

5. Also, there is no diversity of citizenship amongst the Parties because at least one defendant is incorporated in or resides within California according to California's Secretary of State.

6. Thus, jurisdiction and venue are proper in the Superior Court of California, County of Orange.

## PARTIES

7. *Plaintiff,* SCHLICKMAN, was hired February 5, 2019, as an Administrative Manager for DHS Consulting, Inc., California Corporation, directly reporting to its President, Sudhir Damle at 1820 E. 1st Street, Suite 410, Santa Ana, CA 92701. DHS Consulting, Inc. was converted on May 17, 2019 to DHS Consulting, LLC, a Limited Liability Company formed in California and owned by manager/member Sudhir Damle.

8. *Defendant,* ANSER ADVISORY, acquired DHS Consulting, LLC on June 19, 2019. On information and belief, ANSER ADVISORY is a California business entity registered with California's Secretary of State.

9. *Defendants,* DOES 1-50, are managing agents, co-conspirators, joint venturers, directors, officers and/or employees of ANSER ADVISORY, who acted within the course and scope of said agency, conspiracy, joint venture, and/or employment, with the actual or constructive knowledge and/or consent of ANSER ADVISORY.

## VICARIOUS LIABILITY

10. SCHLICKMAN incorporates by reference all of the allegations set forth in the paragraphs above as though fully set forth herein.

11. Vicarious liability is a form of strict, secondary liability that arises under the common law

Cara Schlickman v. Anser Advisory f.k.a. DHS Consulting - Complaint Page 2 of 21

doctrine of agency, Respondeat Superior, i.e. the responsibility of the superior for the acts of his/her/their/its subordinate or, in a broader sense, the responsibility of any third party that had the "right, ability or duty to control" the activities of a violator.

12. ANSER ADVISORY is vicariously liable for DOE Defendant(s)' actions, as well as the actions of any of its other managing agents, co-conspirators, joint venturers, directors, officers and/or employees of ANSER ADVISORY, who acted within the course and scope of said agency, conspiracy, joint venture, and/or employment, with the actual or constructive knowledge and/or consent of ANSER ADVISORY. SCHLICKMAN is informed and believes that each Defendant authorized and/or ratified the wrongful activities of each of the remaining Defendants alleged within this Complaint. ANSER ADVISORY's conduct was undertaken by its director(s), officer(s), managing agent(s) and other persons responsible for supervision of employees and for the drafting and implementation of policies and other managerial decisions. The conduct of the officers, managing agents, and other individuals was on behalf of ANSER ADVISORY. Furthermore, ANSER ADVISORY had advance knowledge of such conduct of said individuals whose actions and conduct were authorized, approved, ratified, and/or actually or constructively known or performed by ANSER ADVISORY's director(s), officer(s), managing agent(s) and other persons responsible for supervision of employees and for the drafting and implementation of policies and other managerial decisions.

## FEHA ADMINISTRATIVE REMEDIES EXHAUSTED

13. SCHLICKMAN incorporates by reference all of the allegations set forth above as though fully set forth herein.

14. SCHLICKMAN timely filed a Complaint with California's Department of Fair Employment and Housing (DFEH) on February 8, 2022 against Answer Advisory f.k.a. DHS Consulting, which the DFEH, now known as the Civil Rights Department (CRD), closed and then mailed by first class mail a Right to Sue notice dated August 26, 2022, notifying SCHLICKMAN that "…[a]s specified in Government Code section 12965, subdivision (b), [she] may file [her] own civil action asserting employment claims under the FEHA within one year of the date of this letter. …".

15. Thus, SCHLICKMAN exhausted administrative remedies and has the right to pursue her FEHA claims against ANSER ADVISORY fka DHS Consulting for Discrimination that SCHLICKMAN experienced on or before February 5, 2021, because of her actual or perceived Disability (physical or mental); Sex/Gender; Pregnancy, childbirth, breast feeding and/or related medical conditions, and as a result of such SCHLICKMAN was subjected to termination.

**FACTUAL ALLEGATION COMMON TO PLAINTIFF'S INDIVIDUAL CLAIMS**

16. SCHLICKMAN incorporates by reference all of the allegations set forth above as though fully set forth herein.

17. On February 5, 2019, DHS Consulting, Inc. hired SCHLICKMAN as a full-time, non-exempt Administrative Manager paid $28.85 per hour [$1,154.00 per week], payable on a bi-weekly basis. SCHLICKMAN's first day of work was March 4, 2019. SCHLICKMAN directly reported to DHS Consulting, Inc.'s President, Sudhir Damle, at 1820 E. 1st Street, Suite 410, Santa Ana, CA 92701.

18. However, almost immediately after Mr. Damle became aware SCHLICKMAN's race and the fact that she was pregnant, DHS Consulting no longer allowed SCHLICKMAN to report directly to Mr. Damle. SCHLICKMAN believes this is the first instance of racial and gender discrimination she experienced working for DHS Consulting, LLC.

19. DHS Consulting, Inc. was converted on May 17, 2019 to DHS Consulting, LLC, a Limited Liability Company formed in California and owned by manager/member Sudhir Damle.

20. On June 19, 2019, ANSER ADVISORY, acquired DHS Consulting, LLC.

21. According to a DHS Consulting, Inc. Leave Of Absence Request Form, on October 4, 2019, SCHLICKMAN started approved Pregnancy Disability Leave that was protected under the Family Medical Leave Act (FMLA).

22. On December 27, 2019 at 2:57 pm, Karynna Ferreira, Anser Advisory's HR Business Partner emailed SCHLICKMAN to inform her of the following: "Family Medical Leave Act (FMLA) entitlement of 12 weeks will be exhausted as of January 3, 2020 and [her] Pregnancy Disability Leave entitlement of four months will be exhausted as of January 31, 2020. As such, [Anser Advisory] would expect [SCHLICKMAN] to return to work on Monday, February 3, 2020. However, [Anser Advisory]…received [her] request for one additional week of unpaid leave and [her] physicians statement (dated 12/10/2019). The company recognizes that situations may arise where an employee, who is not eligible for leave under FMLA, will be unable to perform duties due to medical conditions. Therefore, your request for one additional week of non FMLA leave has been approved. Please note that this is an unpaid leave of absence and you continue to be responsible for remitting any and all benefit premiums during your leave. We expect that you will return to work on Monday, February 10, 2020. We look forward to your return!"

23. At 3:15 pm on December 27, 2019, SCHLICKMAN responded to Ms. Ferreira as follows: "Per our phone conversation I wanted to outline what leave and disability has been utilized so far. I utilized

two weeks of PDL-pre delivery and six weeks of PDL post delivery. My GP MD has extended my PDL/Disability due to nerve damage sustained during labor until February 10, 2020. I have yet to use any of the unpaid twelve weeks of FMLA and or any of my six weeks of PFL (paid family leave). I am awaiting scheduling for an appointment per my MD to neurology which should be after the New Year. Please let me know if there is anything else you need from me in regards to this. Thanks so much for your help" and added at 4:21 pm "I forgot to add on my previous email that my PFL- paid family leave is usable up to one year after her birth."

24. On December 31, 2019 at 12:20 pm, Ms. Ferreira sent SCHLICKMAN a responsive email, writing, "Leaves of absence can be very confusing!  But if I may, I would like to share with you that FMLA and PDL run concurrently and will expire as of the dates specified in the email below.  Paid Family Leave (PFL) is a benefit for compensation through the state of California and does not provide any job related protection. You do, however, have 12 weeks of California Family Rights Act (CFRA) that you are entitled to use at any time before the baby's first birthday, but after you've been medically released from disability." At 12:54 pm, SCHLICKMAN emailed Ms. Ferreira as follows: "If I may, I have spoken to EDD and the information I have been given is that PDL/disability and FMLA are different and do not run concurrently. I was also informed of this by Loyella prior to her departure. I was also informed by EDD that my disability was approved to be extended until 2.10.20 and that I would not be penalized as such, along with my return to work as long as I was cleared medically to do so. As previously stated I am awaiting appointments with neurology for damage sustained prior to returning to work. They will be working closely with my MD on this. I'd also like to be clear that my using my PFL would jeopardize my employment? This wasn't mentioned at any point in numerous conversations with Loyella. If you could/would clarify what CFRA is and how that works I would appreciate it. I appreciate your assistance with this matter as it is confusing and it is becoming clear that procedures weren't properly articulated prior to my delivery." At 1:04 pm, Ms. Ferreira recommended a conference call between them on January 6, 2020 "[i]n efforts to try and get some clarity on this topic…".

25. On February 3, 2020, SCHLICKMAN's neurologist extended her disability leave by 6 months, and provided this documentation to ANSER ADVISORY's Human Resources.

26. Given SCHLICKMAN's leave of absence, in February 2020, her employer required she apply to an assisting recruiting position which she was qualified to do because SCHLICKMAN had worked in recruiting prior to maternity leave. SCHLICKMAN informed her employer of her intent to return to work, including notifying her employer of the end date of her disability leave, which at that point was

June 2020. SCHLICKMAN was allegedly passed over for "someone with just a little more experience" than she had according to **Marlene Humber**, Senior Vice President of Human Resources at Anser Advisory.

27. In September 2020, SCHLICKMAN notified ANSER ADVISORY of her need for disability accommodation, specifically work restrictions prescribed by her physician. ANSER ADVISORY failed to respond in any manner, including failed to enter into the interactive process with SCHLICKMAN from September, October, and November 2020. SCHLICKMAN simply did not hear back from ANSER ADVISORY's HR regarding accommodating SCHLICKMAN's work restrictions ANSER ADVISORY requested of SCHLICKMAN in September 2020.

28. Because SCHLICKMAN had not received a response from anyone else in HR, on or about December 3, 2020, SCHLICKMAN called Ms. Humbert to inquire about returning to work to her position and a date to do so. Ms. Humbert informed SCHLICKMAN that with the consolidation of both companies (DHS Consulting and ANSER ADVISORY) into one that the administrative side of the company was allegedly completely covered and the position SCHLICKMAN previously held was "dissolved". Ms. Humbert then stated "they'd love to have [SCHLICKMAN] return to work a position [ANSER ADVISORY] would have to locate for her. SCHLICKMAN informed Ms. Humbert that she was unaware of the consolidation and when her position had been eliminated. Ms. Humbert then informed SCHLICKMAN that with the end of the year approaching and certain deadlines that needed to be met, Ms. Humbert could give this issue her undivided attention later and that if SCHLICKMAN could give Ms. Humbert until the top of the year when they would regroup and go over options. SCHLICKMAN informed Ms. Humbert that she understood and would speak with Ms. Humbert after the New Year.

29. On January 14, 2021, Ms. Humbert and SCHLICKMAN spoke. Their conversation involved ANSER ADVISORY's wrongful termination of SCHLICKMAN, offering SCHLICKMAN a severance of 1 week in exchange for a general and specific release of any and all claims, and SCHLICKMAN requesting an employment verification letter SCHLICKMAN needed to provide realtor Darvin Thompson. Later that day, at 5:37 PST, Ms. Humbert emailed SCHLICKMAN an employment verification letter stating the following in relevant part: "This letter serves to verify employment for Cara Schlickman. Cara has been employed with Anser Advisory since March 04, 2019 as an Administrative Manager. Her annual salary is $60,008.00 and she is an employee in good standing." Yet SCHLICKMAN had not actually worked and been paid by ANSER ADVISOR for a day's work since

Exh. A - 26

her pregnancy disability leave starting October 14, 2019.

30. Instead of accommodating and reinstating SCHLICKMAN, instead, on January 20, 2021 at 6:05 pm PST, Ms. Humbert sent SCHLICKMAN the following email: "Hello Cara – I hope all is well with you and your family. Just wanted to verify that you received the employment verification letter that I sent to you? Also, I have the severance agreement that we discussed ready to send to you. I wanted to make sure you received the first letter before I sent the agreement over."

31. On January 21, 2021 at 11:57 am, Ms. Humbert actually emailed SCHLICKMAN the aforementioned severance agreement.

32. On February 1, 2021 at 1:15 pm, Ms. Humbert sent SCHLICKMAN a follow up email stating, "Hello Cara – I wanted to touch base with you to see if you had any questions on the severance agreement. If you still want to move forward with the termination on February 5th, please contact me at your earliest convenience so that we can coordinate. Thank you". But SCHLICKMAN did not want to be terminated. SCHLICKMAN could have lawfully quit if she desired to separate from employment with ANSER ADVISORY. Emotionally distressed over being terminated after not being accommodated and enduring an unnecessary delay creating false hope within SCHLICKMAN from December 2020 to mid-January 2021, SCHLICKMAN had yet to respond to Ms. Humbert.

33. Thus, on February 3, 2021 at 10:57 am PST, Ms. Humbert sent SCHLICKMAN an email stating, "Hello Cara – I have been trying to reach your [sic] regarding your employment status with Anser Advisory. In addition to these 2 emails, I left you a voice mail message on both Monday, February 1st, 2021 and Tuesday, February 2nd, 2021. Please give me a call at the number listed below or reply to your email. Thank you."

34. On February 4, 2021, Ms. Humbert emailed SCHLICKMAN as follows: "Cara – my understanding is that you were in the process of moving residences. I need to verify your current home address so that we can ship your separation payment to you, as we previously discussed."

35. On February 23, 2021, a male working for ANSER ADVISORY named Antonio called SCHLICKMAN and left her a voice message.

36. On March 26, 2021 at 11:26 am, SCHLICKMAN, who had been suffering emotionally and financial since ANSER ADVISORY failed to accommodate her and then terminated her, emailed Ms. Humbert, acknowledging and questioning Antonio's email, stating "Good afternoon Marleen, I received a phone call from Antonio from Anser Advisory on February 23, 2021. I apologize for the delay in checking my messages; I do not answer numbers I don't recognize. I am unaware as to what this phone

call regards. If you can, I'd appreciate you providing me with clarification. Please refer to the attached screen shot of the voicemail as well as the actual voicemail attachment."

37. In response, on March 26, 2021 at 11:35 am, Ms. Humbert emailed SCHLICKMAN, writing "Hello Cara – I hope all is well with you and your family!  Thank you for reaching out to me regarding this.  Antonio is our Payroll Manager and he was reaching out to you to make sure we had your current home address.  You had mentioned that you were in the process of getting a new home, and as we were processing the separation payment for you we wanted to make sure it did not get lost in the mail.  Can you please confirm that you did receive that check as we had discussed? Also, we assumed that you were not interested in receiving the additional severance payment because you did not return the signed agreement, however, if that is not correct, please let me know.  The additional severance payment you would be eligible for is another $2500.00.  Thank you!"

38. Despite Ms. Humbert's written words, ANSER ADVISORY mailed a check for $2,500.08 gross that deceptively looked like a regular paycheck, and could easily make a payee believe the check is a payroll check instead of a severance payment because nowhere on the ADP "earning statement" or the $1,733.02 net check does it reflect a severance payment. On information and belief, SCHLICKMAN asserts ANSER ADVISORY maliciously, oppressively, or fraudulently attempted to dupe her into depositing this check and thus forego her lawful rights against ANSER ADVISORY via part performance.

39. Believing the check was a payroll check but confused by such, on April 14, 2021, SCHLICKMAN responded to Ms. Humbert as follows: "Hello Marlene, I did receive the check in the mail. I was wondering if you could clarify what the check is for as I didn't work for DHS and or Anser during the month of February. Thank you for this clarification."

40. On April 15, 2021 at 10:22 am, Ms. Humbert responded via an email, stating "Certainly Cara – that information was outlined in the agreement that was sent to you on January 21, 2021.  Please verify that you received the agreement that was sent to you."

41. On April 15, 2021 at 10:28 am, SCHLICKMAN sought additional clarification from Ms. Humbert via email, writing "Marlene, I appreciate your response are you referencing the FedEx package that was sent to me? I was under impression that this was only in relation the severance agreement. If you be so kind to explain what the separately mailed is in reference to I would greatly appreciate it."

42. On April 15, 2021 at 10:41 am, Ms. Humbert responded as follows: "Hello Cara – I thought it might be easier to just resend the original agreement that was sent to you on January 21, 2021 via

email. On page 1 of the agreement, you will see a reference to the Separation Payment which is the payment that was made to you earlier this year. Please let me know if you have any additional questions. Happy to help!"

43. SCHLICKMAN, still in need of clarification, emailed Ms. Humbert on April 15, 2021 at 3:10 pm, stating "Hello Marlene, I did receive and I had the opportunity to read the packet. Could you please do me a favor and send over a copy of the separation pay policy?"

44. On April 15, 2021 at 3:50 pm, Ms. Humbert wrote SCHLICKMAN, stating "Hello Cara, I'm not sure what you're asking for. We've provided the severance agreement which relates to the separation pay."

45. On April 22, 2021 at 1:06 pm, SCHLICKMAN, feeling nearly tricked, emailed Ms. Humbert and unequivocally reminded ANSER ADVISORY and Ms. Humbert that she does not accept the severance agreement as follows: "Good Afternoon Marlene, I'm writing to inform you I will not be cashing the separation check payment as I have not agreed to, nor have I signed the severance agreement. If you have any further questions in regard to this matter please feel free to contact me."

46. It is clear that SCHLICKMAN was able to return to work for ANSER ADVIORY in September 2020. However, ANSER ADVISORY did not pay SCHLICKMAN her final check until February 2021 or shortly thereafter. Therefore, ANSER ADVISORY's payment of SCHLICKMAN's final wages are untimely.

## FIRST CAUSE OF ACTION
## DISABILITY DISCRIMINATION
**[Gov. Code § 12940(a)]**
**(Against ANSER ADVISORY and DOES 1-50)**

1. SCHLICKMAN repeats and re-alleges the allegations set forth above, and incorporates same by reference as though fully set forth herein.

2. ANSER ADVISORY is an "employer" within the meaning of and is subject to FEHA as an employer of five (5) or more employees. Cal. Gov. Code § 12926(d).

3. At all relevant times herein, SCHLICKMAN was an individual employed by ANSER ADVISORY or DHS Consulting which ANSER ADVISORY acquired.

4. Government Code section 12940(a) provides that it is an unlawful employment practice "[f]or an employer, because of the . . . physical disability . . . of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to

discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment."

5.    The California Fair Employment and Housing Act ("FEHA") defines "disability" to include (1) "[h]aving a record or history of a disease, disorder, condition, cosmetic disfigurement, anatomical loss, or health impairment [that constitutes a physical disability], which is known to the employer"; (2) "[b]eing regarded or treated by the employer ... as having, or having had, any physical condition that makes achievement of a major life activity difficult"; or (3) "[b]eing regarded or treated by the employer ... as having, or having had, a disease, disorder, condition, cosmetic disfigurement, anatomical loss, or health impairment that has no present disabling effect but may become a physical disability." Cal. Gov. Code § 12926, subd. (k)(3)–(5). Under "regarded as" theory, an actual or existing disability is not necessary. *Gelfo v. Lockheed Martin Corp.*, 140 Cal. App. 4th 34, 52-53 (2006). SCHLICKMAN alleges that she was discriminated against on the basis of her actual disability, as well as on the basis of having been regarded as disabled.

6.    During her employment with ANSER ADVISORY, SCHLICKMAN suffered from an actual pregnancy-related physical disability which limited the major life activity of working, among other things. ANSER ADVISORY knew that SCHLICKMAN suffered from the disability because SCHLICKMAN informed ANSER ADVISORY Human Resources about it and provided relevant doctor's notes for time off for her disability.

7.    Alternatively, SCHLICKMAN believes she was being "regarded" by ANSER ADVISORY as having or having had a physical disability. Cal. Gov. Code §12926(k)(5). ANSER ADVISORY regarded SCHLICKMAN as having a physical disability.

8.    SCHLICKMAN was at all relevant times qualified for her position and able to perform the essential functions of her job with reasonable accommodation for her disability. Yet during her employment, SCHLICKMAN was treated less favorably than similarly situated non-disabled employees because of her disability and/or perceived disability.

9.    ANSER ADVISORY discriminated against SCHLICKMAN on the basis of her disability or perceived disability by taking adverse employment actions against SCHLICKMAN including but not limited to failing to accommodate her work restrictions from September 2020 to ultimately terminating her employment. SCHLICKMAN's actual or perceived disability was a substantial motivating reason for all adverse employment actions taken against SCHLICKMAN.

10.    The above-stated acts and omissions of ANSER ADVISORY, as alleged throughout this

Complaint, constituted disability discrimination in violation of public policy and in violation of California Government Code §§ 12940, et seq.

11. As a direct, foreseeable, and proximate result of ANSER ADVISORY' conduct, as alleged above, SCHLICKMAN has suffered lost income, employment, and career opportunities, and has suffered and continues to suffer other economic loss, the precise amount of which will be proven at trial, but not less than $60,008 annually, the amount she would have earned working for ANSER ADVISORY had ANSER ADVISORY not wrongfully terminated her.

12. As further direct and legal result of the acts and conduct of ANSER ADVISORY, as aforesaid, SCHLICKMAN has been caused to and did suffer and continues to suffer pain, anxiety, depression, embarrassment, anger, loss of enjoyment of life, fright, nervousness. grief, worry, shock, humiliation, mortification, indignity, apprehension, ordeal. inconvenience, and emotional and mental distress, the precise amount of which will be proven at trial, but in an amount not less than her annual rate.

13. ANSER ADVISORY's conduct was a substantial factor in causing the aforementioned harm.

14. The above-recited actions of ANSER ADVISORY were done with malice. fraud, and/or oppression, and in conscious, despicable and reckless disregard of SCHLICKMAN's rights under FEHA. Additionally, such conduct was carried out against SCHLICKMAN in a willful manner and in conscious disregard of her civil rights. SCHLICKMAN is entitled to and seeks punitive damages against each Defendant, including but not limited ANSER ADVISORY, herein in an amount according to proof, but at a minimum of $600,080. The aforementioned conduct on which punitive damages is alleged, was done with the advance knowledge by an officer, director and/or managing agent of ANSER ADVISORY and Does 1 through 50's, inclusive. The alleged conduct on which punitive damages is alleged, was authorized, ratified and/or committed by an officer, director, and/or managing agent of ANSER ADVISORY and DOES 1 through 50's, inclusive.

15. Under the FEHA, SCHLICKMAN is also entitled to an award of reasonable attorney's fees and costs.

**SECOND CAUSES OF ACTION**

**SEX/PREGNANCY DISCRIMINATION**

**[Violation of Government Code §12940(a)]**

**(Against ANSER ADVISORY and DOES 1-50)**

16. SCHLICKMAN repeats and re-alleges the allegations set forth above, and incorporates

same by reference as though fully set forth herein.

17. ANSER ADVISORY is an "employer" within the meaning of and is subject to FEHA as an employer of five (5) or more employees. Cal. Gov. Code § 12926(d).

18. At all relevant times herein, SCHLICKMAN was an individual employed by ANSER ADVISORY.

19. At all relevant times mentioned herein, California Government Code §12940(a) was in full force and effect and binding on ANSER ADVISORY. Cal. Govt. Code §12940(a) prohibits an employer from taking an adverse employment action against a protected individual based on his or her sex. Adverse employment actions include, without limitation, discharging from employment, subjecting to disparate treatment, and discrimination, terms and conditions or privileges of employment. "Sex" includes, but is not limited to pregnancy, childbirth or related medical conditions. Cal. Govt. Code §12926.

20. Government Code section 12940(a) provides that it is an unlawful employment practice "[f]or an employer, because of the . . . gender . . . of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment."

21. At all relevant times herein, ANSER ADVISORY had a practice of failing to treat SCHLICKMAN in an equitable fashion and thereby wrongfully discriminated against SCHLICKMAN. As set forth fully hereinabove, SCHLICKMAN was discriminated against on the basis of her sex and pregnancy in the form of unfair terms, conditions, and privileges of employment.

22. ANSER ADVISORY discriminated against SCHLICKMAN on the basis of her sex/pregnancy by taking adverse employment actions against SCHLICKMAN including but not limited to failing to accommodate her medical condition as result of pregnancy complications and ultimately terminating her employment. SCHLICKMAN's sex/pregnancy and gender was a substantial motivating factor for all adverse employment actions taken against SCHLICKMAN.

23. SCHLICKMAN is informed and believes, and thereon alleges that her sex/pregnancy were a substantial factor contributing to ANSER ADVISORY's discriminatory treatment of her with respect to the terms, conditions, and privileges of employment, including but not limited to unfair treatment, adverse employment action, and wrongful termination as set forth herein.

24. Because SCHLICKMAN's sex/pregnancy were a substantial factor contributing to the conduct of ANSER ADVISORY and their agents, the above-described acts of ANSER ADVISORY

constitute unlawful employment practices in violation of Government Code §12940(a).

25.    As a direct, foreseeable, and proximate result of ANSER ADVISORY' conduct, as alleged above, SCHLICKMAN has suffered lost income, employment, and career opportunities, and has suffered and continues to suffer other economic losses, the precise amount of which will be proven at trial.

26.    As further direct and legal result of the acts and conduct of ANSER ADVISORY, as aforesaid, SCHLICKMAN has been caused to and did suffer and continues to suffer pain, anxiety, depression, embarrassment, anger, loss of enjoyment of life, fright, nervousness, grief, worry, shock, humiliation, mortification, indignity, apprehension, ordeal, inconvenience, and emotional and mental distress, the precise amount of which will be proven at trial.

27.    ANSER ADVISORY' conduct was a substantial factor in causing the aforementioned harm.

28.    The above-recited actions of ANSER ADVISORY were done with malice, fraud, and/or oppression, and in conscious, despicable and reckless disregard of SCHLICKMAN's rights under FEHA. In addition, such conduct was carried out against SCHLICKMAN in a willful manner and in conscious disregard of her rights.  SCHLICKMAN is entitled to and seeks punitive damages against ANSER ADVISORY herein in an amount according to proof.  The aforementioned conduct on which punitive damages is alleged, was done with the advance knowledge by an officer, director and/or managing agent of ANSER ADVISORY.  The alleged conduct on which punitive damages is alleged, was authorized, ratified and/or committed by an officer, director, and/or managing agent of ANSER ADVISORY.

29.    Under FEHA, SCHLICKMAN is entitled to an award of reasonable attorneys' fees and costs.

### THIRD CAUSE OF ACTION
### WRONGFUL TERMINATION IN VIOLATION
### [Violation of Public Policy]
### (Against ANSER ADVISORY and DOES 1-50)

30.    SCHLICKMAN repeats and re-alleges the allegations set forth above and incorporates same by reference as though fully set forth herein.

31.    At all relevant times herein, SCHLICKMAN was an individual employed by ANSER ADVISORY.

32.    ANSER ADVISORY terminated SCHLICKMAN on the basis of her actual or perceived disability, her sex/pregnancy, and/or because of her request for accommodation.

33. ANSER ADVISORY' termination of SCHLICKMAN's employment violates public policy of the State of California. Such public policy is set forth in Article I, §8, of the California Constitution and FEHA (Government Code §12900, *et seq.*), which specifically prohibits ANSER ADVISORY from discriminating, harassing, and retaliating against SCHLICKMAN on the basis of her disability, sex/pregnancy, and/or request for accommodation in the workplace.

34. ANSER ADVISORY violated such public policy by discriminating against, retaliating against, harassing, failing to accommodate, and terminating SCHLICKMAN's employment on the basis of her actual or perceived disability, sex/pregnancy, and/or her need for accommodation, acts which constituted a wrongful termination of SCHLICKMAN.

35. SCHLICKMAN's actual or perceived disability and/or her request for accommodation were substantial motivating reasons for SCHLICKMAN's termination.

36. As a direct, foreseeable, and proximate result of SCHLICKMAN's conduct, as alleged above, SCHLICKMAN has suffered lost income, employment, and career opportunities, and has suffered and continues to suffer other economic loss, the precise amount of which will be proven at trial.

37. As further direct and legal result of the acts and conduct of ANSER ADVISORY, as aforesaid, SCHLICKMAN has been caused to and did suffer and continues to suffer pain, anxiety, depression, embarrassment, anger, loss of enjoyment of life, fright, nervousness, grief, worry, shock, humiliation, mortification, indignity, apprehension, ordeal, inconvenience, and emotional and mental distress, the precise amount of which will be proven at trial.

38. ANSER ADVISORY' conduct was a substantial factor in causing the aforementioned harm.

39. The above-recited actions of ANSER ADVISORY were done with malice, fraud, and/or oppression, and in conscious, despicable and reckless disregard of SCHLICKMAN's rights under FEHA. In addition, such conduct was carried out against SCHLICKMAN in a willful manner and in conscious disregard of her rights. SCHLICKMAN is entitled to and seeks punitive damages against ANSER ADVISORY herein in an amount according to proof. The aforementioned conduct on which punitive damages is alleged, was done with the advance knowledge by an officer, director and/or managing agent of ANSER ADVISORY. The alleged conduct on which punitive damages is alleged, was authorized, ratified and/or committed by an officer, director, and/or managing agent of ANSER ADVISORY.

## FOURTH CAUSE OF ACTION

### DECLARATORY RELIEF

### (Against ANSER ADVISORY and DOES 1-50)

40.    SCHLICKMAN hereby incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

41.    Ca. Gov. Code §12920 sets forth the public policy of the State of California as follows: "It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgement on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age or sexual orientation.

It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment for these reasons foments domestic strife and unrest, deprives the state of the fullest utilization of its capacities for development and advancement, and substantially and adversely affects the interests of employees, employer, and the public in general.

Further, the practice of discrimination because of race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, or genetic information in housing accommodations is declared to be against public policy.

It is the purpose of this part to provide effective remedies that will eliminate these discriminatory practices. This part shall be deemed an exercise of the police power of the state for the protection of the welfare, health and peace of the people of this state."

42.    Cal. Gov. Code §12920.5 embodies the intent of the California legislature and states, "[i]n order to eliminate discrimination, it is necessary to provide effective remedies that will both prevent and deter unlawful employment practices and redress the adverse effects of those practices on aggrieved persons. To that end, this part shall be deemed an exercise of the Legislature's authority pursuant to Section 1 of Article XIV of the California Constitution."

43.    Moreover, Cal. Gov. Code §12921, subdivision (a) says in pertinent part, "[t]he opportunity to seek, obtain, and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation is hereby recognized as and declared to be a civil right."

44. An actual controversy has arisen and now exists between SCHLICKMAN and ANSER ADVISORY concerning their respective rights and duties as it is believed that ANSER ADVISORY may allege that SCHLICKMAN's termination was based on a non-discriminatory, legitimate reason and that SCHLICKMAN's disability and SCHLICKMAN's requests for accommodations were not a substantial motivating factor for the decision to terminate SCHLICKMAN or any factor whatsoever. SCHLICKMAN contends that the reason given by ANSER ADVISORY was a pretext to mask its true reason(s) for terminating SCHLICKMAN. SCHLICKMAN is informed and believes, and on that basis alleges, that ANSER ADVISORY shall dispute SCHLICKMAN's contention and shall assert its reason was nondiscriminatory and legitimate.

45. Pursuant to Cal. Gov. Code of Civ. Proc. §1060, SCHLICKMAN desires a judicial determination of SCHLICKMAN's rights and duties, and a declaration that her membership in protected classes and engagement in protected activity were substantial motivating factors in ANSER ADVISORY' decision to terminate SCHLICKMAN.

46. A judicial declaration is necessary and appropriate at this time under the circumstances in order that SCHLICKMAN, for SCHLICKMAN and on behalf of employees of the State of California and in conformity with the public policy of the State, obtain a judicial declaration of the wrongdoing of ANSER ADVISORY and to condemn such discriminatory employment policies or practices.

47. A judicial declaration is necessary and appropriate at this time such that ANSER ADVISORY may also be aware of its obligations under the law to not engage in discriminatory practices and violate the law.

48. Cal. Gov. Code §12965(b) provides that an aggrieved party, such as SCHLICKMAN herein, may be awarded reasonably attorney's fees and costs. Such fees and costs expended by an aggrieved party may be awarded for the purpose redressing, preventing or deterring discrimination.

## FIFTH CAUSES OF ACTION

### WAITING TIME PENALTIES

[Lab. Code § 203 for violation of Lab. Code § 201]

**(Against ANSER ADVISORY and DOES 1-50)**

49. SCHLICKMAN incorporates by reference, repeats, and realleges, all preceding and subsequent paragraphs as though fully set forth herein.

50. SCHLICKMAN is informed and believes, and thereon alleges, that ANSER ADVISORY: (1) set SCHLICKMAN's wages, hours, or working conditions; (2) hired or terminated employees similar

to SCHLICKMAN; (3) controlled SCHLICKMAN's work; (4) set or negotiated SCHLICKMAN's wages; (5) assigned or supervised SCHLICKMAN's work; (6) determined SCHLICKMAN's hours or conditions of employment; (7) set SCHLICKMAN's work schedules; and/or (8) supplied the instrumentalities, tools, or place of work for SCHLICKMAN.

51.     California Labor Code § 201 requires all California employers to remit payment to an employee of all earned, but unpaid compensation, on the date of termination. California Labor Code § 203 provides that an employee is entitled to a day's wages, up to thirty (30) days for every day an employer fails to pay all of SCHLICKMAN's wages upon termination. Though ANSER ADVISORY finally communicated to SCHLICKMAN that her final day working for ANSER ADVISORY would be February 5, 2021, ANSER ADVISORY should have accommodated SCHLICKMAN and reinstated her in September 2020. Having failed to do so, ANSER should have paid SCHLICKMAN her final paycheck in September of 2020. Thus, SCHLICKMAN's final paycheck was untimely and, as a result of such, SCHLICKMAN is owed waiting time penalties as ANER ADVISORY's conduct is clearly willful given it withheld payment from September 2020 to February 2020.

52.     SCHLICKMAN has incurred and continues to incur legal expenses and attorneys' fees. SCHLICKMAN will seek the recovery of those fees and costs at the conclusion of this lawsuit and all other remedies available under applicable laws.

## SIXTH CAUSE OF ACTION

### UNFAIR COMPETITION

### [Violation of Business & Professionals Code § 17200 *et seq.*]

### (Against ANSER ADVISORY and DOES 1-50)

53.     SCHLICKMAN incorporates by reference, repeats, and realleges, all preceding and subsequent paragraphs as though fully set forth herein.

54.     SCHLICKMAN alleges and incorporates by reference each of the foregoing paragraphs of this Demand as if fully alleged herein.

55.     California Business and Professions Code section 17200 ("UCL") defines unfair competition as an "unlawful" or "unfair" business act or practice.

56.     California Business & Professions Code Section 17203 provides that "[t]he court may make such orders or judgments ... as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means

of unfair competition."

57.    ANSER ADVISORY are each a "person" under UCL § 17021.

58.    ANSER ADVISORY have engaged in acts of unfair competition as defined in Bus. & Profs Code §§17200, et seq., by engaging in the acts and practices alleged herein.

59.    ANSER ADVISORY have engaged and continue to engage in business practices that are both unlawful and unfair and therefore violate the UCL. ANSER ADVISORY' conduct described above all constitute unlawful acts and practices prohibited by the Labor Code and UCL. These failures also independently constitute unfair acts and practices under the UCL. In addition to the above alleged failures and violations, the following violations of the Labor Code also constitute unlawful and unfair business practices prohibited by the UCL.

a) ANSER ADVISORY' disability discrimination against SCHLICKMAN;

b) ANSER ADVISORY' failure to accommodate SCHLICKMAN's disability;

c) ANSER ADVISORY' failure to engage in the interactive process;

d) ANSER ADVISORY' retaliation for requesting accommodation;

e) ANSER ADVISORY' sex/pregnancy discrimination;

f) ANSER ADVISORY' harassment of SCHLICKMAN on the basis of sex/pregnancy and disability;

g) ANSER ADVISORY' failure to prevent discrimination, retaliation, and harassment;

h) ANSER ADVISORY' wrongful termination of SCHLICKMAN;

i) ANSER ADVISORY' failure to provide meal and rest breaks;

j) ANSER ADVISORY' failure to pay SCHLICKMAN minimum wages;

k) ANSER ADVISORY' failure to pay SCHLICKMAN overtime compensation;

l) ANSER ADVISORY' failure to provide accurate wage statements;

m) ANSER ADVISORY' failure to maintain wage and hour records;

n) ANSER ADVISORY' failure to pay wages at the time of termination; and

o) ANSER ADVISORY' failure to pay or reimburse SCHLICKMAN's business expenses, such as the pro rata basis of her cellphone and business mileages reimbursement for the personal use of her vehicle.

60.    As a direct and proximate result of these unlawful and unfair practices, SCHLICKMAN suffered injury in fact and lost income in that ANSER ADVISORY have become unjustly enriched by the savings in salaries, benefits, and other employment prerequisites that SCHLICKMAN would otherwise

have earned but for the aforesaid unfair competition by ANSER ADVISORY. ANSER ADVISORY should be made to disgorge and make restitution to SCHLICKMAN and restore all ill-gotten gains attributable to ANSER ADVISORY's unfair competition.

61. Under the *Business & Professions Code* Section 17203, SCHLICKMAN is entitled to obtain restitution of these funds for ANSER ADVISORY' unfair competition as enumerated herein.

62. Pursuant to *Business & Professions* Code Section 17203, injunctive relief is necessary to prevent ANSER ADVISORY from continuing to engage in unfair competition as alleged herein.

63. SCHLICKMAN is informed and believes that ANSER ADVISORY, and persons acting in concert with them, have committed and will continue to commit the above unlawful acts unless restrained or enjoined by this Court. Unless the relief prayed for below is granted, a multiplicity of actions will result. SCHLICKMAN has no plain, speedy, or adequate remedy at law, in that pecuniary compensation would not afford adequate and complete relief. The above-described acts will cause great and irreparable damage to SCHLICKMAN unless ANSER ADVISORY are restrained from committing further illegal acts.

64. SCHLICKMAN is entitled to an award of attorneys' fees and costs as set forth herein and below. SCHLICKMAN requests relief as described herein and below.

**PRAYER FOR RELIEF**

WHEREFORE, SCHLICKMAN prays for judgment as follows:

**ON ALL CAUSES OF ACTION**

1. For compensatory damages, together with prejudgment interest, in an amount not less than $60,008 for each year SCHLICKMAN did not earn at least $60,008, the annual amount she would have earned if ANSER ADVISORY had not wrongfully terminated her;

2. For reasonable attorney's fees, according to proof, in a minimum amount of $100,000;

3. For exemplary and punitive damages, in an amount not less than $600,080;

4. For costs of suit incurred herein;

5. For pre and post judgment interest of 10% per year;

6. Tax neutralization; and

7. For such other and further relief as the court deems just and proper.

On SCHLICKMAN's FEHA Claims:

8. That ANSER ADVISORY, their successors, agents, representatives, employees and all persons who acted in concert with said ANSER ADVISORY be permanently enjoined from committing any acts of discrimination, relation or other similar acts, including the

violations alleged in all of the Causes of Action herein and are prohibited by the FEHA, including the following affirmative relief:

(a)    For an injunction restraining **ANSER ADVISORY** from continuing from or maintaining any policy, practice, custom or usage which is retaliatory/discriminatory in nature against any employee exercising his/her rights under the FEHA;

(b)    For an injunction restraining **ANSER ADVISORY** along with its supervising employees, agents and all those subject to its control or acting in concert with it from causing, encouraging, condoning or permitting the practice of retaliation/discrimination and willful violations of FEHA;

(c)    For affirmative relief requiring **ANSER ADVISORY** to conduct training of all employees to "sensitize" them to the harmful nature of retaliating/discriminating against an employee exercising his/her rights under FEHA. The proposed plan of education and training should also include violation training and detection, and correction and prevention of such retaliatory/discriminatory practices;

(d)    For affirmative relief requiring **ANSER ADVISORY** to notify all employees and supervisors, through individual letters and permanent postings in prominent locations in all offices that retaliation violates the FEHA and the consequences of violation of such laws and policies;

(e)    For affirmative relief requiring **ANSER ADVISORY** to post a notice at those business located in the State of California in which **ANSER ADVISORY** have at least ten percent (10%) ownership interest, stating that **ANSER ADVISORY** violated the FEHA, and specifying the remedies in this injunction, and provide proof to the Court, within one-hundred (100) days of the Court's order that such posting has occurred;

(f)    For affirmative relief requiring **ANSER ADVISORY** to develop clear and effective policies and procedures for employees complaining of retaliation or violations of FEHA so they may have their complaints promptly and thoroughly investigated (by a neutral fact finder) and informal as well as formal processes for hearing, adjudication and appeal of the complaints; and

(g)    For affirmative relief requiring **ANSER ADVISORY** to develop appropriate sanctions or disciplinary measures for supervisors or other employees who are found to have committed retaliatory acts, including warnings to the offending person and notations

in that person's employment record for reference in the event future complaints are directed against that person, and dismissal where other measures fail.

On the Sixth Cause of Action:

9.      Pursuant to *Business & Professions* Code Section 17203, injunctive relief is necessary to prevent ANSER ADVISORY from continuing to engage in unfair competition as alleged.

Dated:  August 28, 2023

THE LEGAL ADVOCATE

By _Michelle L. Reynolds_
Michelle L. Reynolds, Esq.

Michelle Reynolds, Esq.
Attorneys for Plaintiff CARA SCHLICKMAN

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 1275 N. Berkeley Ave <br> MAILING ADDRESS: 1275 N. Berkeley Ave <br> CITY AND ZIP CODE: Fullerton 92838 <br> BRANCH NAME: North Justice Center <br><br> PLANTIFF: Cara Schlickman <br><br> DEFENDANT: Anser Advisory <br><br> Short Title: SCHLICKMAN VS. ANSER ADVISORY | **FILED** <br> SUPERIOR COURT OF CALIFORNIA <br> COUNTY OF ORANGE <br><br> **Aug 29, 2023** <br><br> Clerk of the Superior Court <br> By A. VAN ARKEL, Deputy |
| **NOTICE OF HEARING** <br> **CASE MANAGEMENT CONFERENCE** | CASE NUMBER: <br> 30-2023-01344722-CU-WT-NJC |

Please take notice that a(n), <u>Case Management Conference</u> has been scheduled for hearing on <u>01/26/2024</u> at <u>09:30:00 AM</u> in Department <u>N17</u> of this court, located at <u>North Justice Center</u>.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

<u>IMPORTANT</u>: Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org media-relations civil.html
Probate Mental Health - https://www.occourts.org media-relations probate-mental-health.html
Appellate Division - https://www.occourts.org media-relations appeals-records.html

<u>IMPORTANTE</u>: Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org media-relations civil.html
Casos de Probate y Salud Mental - https://www.occourts.org media-relations probate-mental-health.html
División de apelaciones - https://www.occourts.org media-relations appeals-records.html

<u>QUAN TRỌNG</u>: Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org media-relations civil.html
Thủ Tục Di Chúc Sức Khỏe Tinh Thần - https://www.occourts.org media-relations probate-mental-health.html
Ban phúc thẩm - https://www.occourts.org media-relations appeals-records.html

Clerk of the Court, By: _____, Deputy

**NOTICE OF HEARING**                                                    Page: 1

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

North Justice Center
1275 N. Berkeley Ave
Fullerton  92838

**SHORT TITLE:** SCHLICKMAN VS. ANSER ADVISORY

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>**30-2023-01344722-CU-WT-NJC** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at Fullerton , California, on 08/29/2023. Following standard court practice the mailing will occur at Sacramento, California on 08/30/2023.

Clerk of the Court, by: _____ , Deputy

THE LEGAL ADVOCATE
2110 K STREET # 124
SACRAMENTO, CA 95816

V3 1013a (June 2004)

Code of Civil Procedure , § CCP1013(a)

Exh. A - 43

Electronically Filed by Superior Court of California, County of Orange, 08/30/2023 04:27:00 PM.
30-2 Case 8:24-cv-01076-DOC-KES 1 - Document 1-1 SAK Filed 05/17/24rt By age 29 of 39 pty Clerk.
ID #:44

Michelle L. Reynolds, Esq., SBN 288234
Email: AttorneyMichelleReynolds@gmail.com
THE Legal Advocate
2110 K Street, 124
Sacramento, CA 95816
Phone: (714) 474-8097
Fax: (714) 845-9963

Attorneys for Plaintiff CARA SCHLICKMAN

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF ORANGE COUNTY

| | |
|---|---|
| Cara Schlickman,<br><br>Plaintiff,<br><br>vs.<br><br>Anser Advisory formerly known as DHS Consulting; and Does 1-50.<br><br>Defendants. | Case No.: 30-2023-01344722-CU-WT-NJC<br><br>Assigned for all purposes to Hon. Judge Craig Griffin<br><br>Department: N-17<br><br>PLAINTIFF'S MOTION FOR PEREMPTORY CHALLENGE UNDER C.C.P. SECTION 170.6 TO THE HONORABLE JUDGE CRAIG GRIFFIN; DECLARATION OF MICHELLE REYNOLDS, ESQ. IN SUPPORT THEREOF<br><br>Action Filed: August 28, 2023 |

**TO THE HONORABLE CRAIG GRIFFIN, JUDGE OF THE ABOVE-CAPTIONED COURT:** The attorney(s) for Plaintiff CARA SCHLICKMAN ("Plaintiff") in the above-entitled action, which involves contested issues of law and fact, and which has been assigned for all purposes including trial to the Honorable Craig Griffin, Judge of the above-captioned Court, respectfully exercise a peremptory challenge pursuant to California Code of Civil Procedure (C.C.P.) section 170.6 and request that this case be reassigned from the Honorable Craig Griffin to another judge, and that no matters hereinafter arising in this action, including any hearing or trial, be heard or assigned to the Honorable Craig Griffin on the grounds that Judge Craig Griffin is prejudiced against Plaintiff or Plaintiff's attorney(s), and/or interests of Plaintiff or Plaintiff's attorney(s) in this action.

This Motion is based on the matters contained herein, on C.C.P. section 170.6, the supporting Declaration of Michelle Reynolds, Esq., filed concurrently herewith, and, if deemed necessary, such oral and documentary evidence relevant to the determination of this Motion.

WHEREFORE, Plaintiff prays that the relief requested herein be granted.

Respectfully submitted.

Dated: August 30, 2023                    THE Legal Advocate

By: _Michelle L. Reynolds_
    Michelle L. Reynolds, Esq.

Attorney for Plaintiff CARA SCHLICKMAN

PLAINTIFF'S MOTION FOR PEREMPTORY CHALLENGE UNDER C.C.P. SECTION 170.6

Exh. A - 45

**DECLARATION IN SUPPORT OF MOTION
RE DISQUALIFICATION OF JUDICIAL OFFICER PURSUANT TO C.C.P. 170.6**

I, Michelle Reynolds, declare as follows:

1. I am the attorney for Plaintiff in the above-entitled case.

2. I declare that Judge Craig Griffin, the judicial officer before whom the trial or hearing in this action or special proceeding is pending, or to whom this case is assigned, is prejudiced against Plaintiff or Plaintiff's attorney, or the interest of Plaintiff or Plaintiff's attorney, such that I and/or my client cannot, or I believe that I and/or my client cannot, have a fair and impartial trial or hearing before the judicial officer.

3. This judicial officer has not presided over a hearing, motion, or other proceeding in the past in this case.

4. Pursuant to the provisions of the Code of Civil Procedure section 170.6, I request that this case be reassigned to another judicial officer for further proceedings.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

August 30, 2023

By: _Michelle L. Reynolds_
Michelle L. Reynolds, Esq.

Page 3 of 3
PLAINTIFF'S MOTION FOR PEREMPTORY CHALLENGE UNDER C.C.P. SECTION 170.6

Exh. A - 46

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its website as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

L1200 Rev. Dec 2019

Page 1 of 4

Exh. A - 47

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

### ADR Information

Introduction.

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

Save Time. A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

Save Money. When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

Increase Control Over the Process and the Outcome. In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

Preserve Relationships. ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

Increase Satisfaction. In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

Improve Attorney-Client Relationships. Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

Loss of protections. If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

L1200 Rev. Dec. 2019                                                                 Page 2 of 4

Less discovery. There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

Additional costs. The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Effect of delays if the dispute is not resolved. Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

Arbitration. In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

Cases for Which Arbitration May Be Appropriate. Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

Cases for Which Arbitration May Not Be Appropriate. If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

Mediation. In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

Cases for Which Mediation May Be Appropriate. Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

Cases for Which Mediation May Not Be Appropriate. Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

Neutral Evaluation. In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

L1200 Rev. Dec. 2019                                                                                    Page 3 of 4

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

Cases for Which Neutral Evaluation May Be Appropriate. Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

Cases for Which Neutral Evaluation May Not Be Appropriate. Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

Settlement Conferences. Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, at 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Low cost mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA). For information regarding DRPA, contact:

- OC Human Relations (714) 480-6575, mediator@ochumanrelations.org
- Waymakers (949) 250-4058

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY:    STATE BAR NO.: | FOR COURT USE ONLY |
|---|---|
| NAME:<br>FIRM NAME:<br>STREET ADDRESS:<br>CITY:                                          STATE:            ZIP CODE:<br>TELEPHONE NO.:                          FAX NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (name): | For your protection and privacy, please press the Clear This Form button after you are done printing this form. |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13th Street, Westminster, CA 92683-4593

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s), _____

_____

and  defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
        ☐ Under section 1141.11 of the Code of Civil Procedure
        ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an Order on Court Fee Waiver (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court, rule 3.720 et seq.

Date:_____     _____     _____
                     (SIGNATURE OF PLAINTIFF OR ATTORNEY)      (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date:_____     _____     _____
                     (SIGNATURE OF DEFENDANT OR ATTORNEY)     (SIGNATURE OF DEFENDANT OR ATTORNEY)

ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION

Approved for Optional Use
L1270 (Rev. March 2019)

California Rules of Court, rule 3.221

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
North Justice Center
1275 N. Berkeley Ave
Fullerton , CA 92838

**SHORT TITLE:** Schlickman vs. Anser Advisory

| CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | CASE NUMBER:<br>30-2023-01344722-CU-WT-NJC |
|---|---|

I certify that I am not a party to this cause. I certify that that the following document(s), Minute Order dated 01/08/24, was transmitted electronically by an Orange County Superior Court email server on January 8, 2024, at 1:57:42 PM PST. The business mailing address is Orange County Superior Court, 700 Civic Center Dr. W, Santa Ana, California 92701. Pursuant to Code of Civil Procedure section 1013b, I electronically served the document(s) on the persons identified at the email addresses listed below:

THE LEGAL ADVOCATE
ATTORNEYMICHELLEREYNOLDS@GMAIL.COM


Clerk of the Court, by:  _____ , Deputy


**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**


V3 1013a (June 2004)                                    Code of Civ. Procedure , § CCP1013(a)

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF ORANGE**
**NORTH JUSTICE CENTER**

**MINUTE ORDER**

DATE: 01/08/2024　　　　　　　TIME: 01:37:00 PM　　　DEPT: N17

JUDICIAL OFFICER PRESIDING: Craig Griffin
CLERK: S. Hill, L. Silva
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: E. Segura

CASE NO: **30-2023-01344722-CU-WT-NJC**　　CASE INIT.DATE: 08/28/2023
CASE TITLE: **Schlickman vs. Anser Advisory**
CASE CATEGORY: Civil - Unlimited　　　CASE TYPE: Wrongful Termination

EVENT ID/DOCUMENT ID: 74202502
**EVENT TYPE:** Chambers Work

**APPEARANCES**

There are no appearances by any party.

Due to the unavailability of this Court, hearing is continued on Court's own motion.

The Case Management Conference is continued to 03/08/2024 at 9:30 AM in this department.

Clerk to give notice to Plaintiff and Plaintiff to give notice to all other parties.

DATE: 01/08/2024　　　　　　　　　MINUTE ORDER　　　　　　　　　　Page 1
DEPT: N17　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Calendar No.

Exh. A - 53

MAR 0 1 2024