JS6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01076-DOC-KESx                               Date:  July 30, 2024

Title: Cara Schlickman v. Anser Advisory, LLC et al

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

|   Karlen Dubon   |   Not Present   |
| :---: | :---: |
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| :---: | :---: |
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS):    **ORDER GRANTING PLAINTIFFS'**
**AMENDED MOTION TO REMAND**
**[12][18]**

Before the Court is Plaintiff's Amended Motion to Remand the Case to Orange County Superior Court ("Motion" or "Mot.") (dkt. 18). The Court finds this matter suitable for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the reasons explained below, the Court GRANTS the Motion and REMANDS the case.

**I.     Background**

Plaintiff, a California citizen, filed a wrongful termination suit in Orange County Superior Court. The operative complaint alleges only violations of California state law. Plaintiff served two of the defendants—Answer Advisory LLC and Anser Advisory Management, LLC—who then removed the case to federal court based on diversity jurisdiction. In their Notice of Removal, those two defendants ("Defendants") argued that they were diverse with Plaintiff because neither were citizens of California at the time the complaint was filed. *See generally* Notice of Removal (dkt. 1).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01076-DOC-KESx                        Date: July 30, 2024

                                                                    Page 2

On July 8, 2024, Plaintiff moved to remand her case to state court. Plaintiff argued, among other things, that both Anser Advisory and Anser Advisory Management are, like her, citizens of California. Mot. at 22-23. Plaintiff partly bases her motion on a "Statement of Information" that each Defendant filed with the California Secretary of State. These filings indicate that Defendants are California citizens. *Id.* at 23. Defendants filed their opposition ("Opp'n) (dkt. 21) on July 22, 2024, where they again argued that neither of them are California citizens.

## II.     Legal Standard

Federal courts are courts of limited jurisdiction. Accordingly, "[t]hey possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In every federal case, the basis for federal jurisdiction must appear affirmatively from the record. *See Daimler Chrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006). "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (internal quotation marks omitted). Unless otherwise expressly provided by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court." 28 U.S.C. § 1441(a); *see also Dennis v. Hart*, 724 F.3d 1249, 1252 (9th Cir. 2013).

To remove an action to federal court under § 1441(a), the removing defendant "must demonstrate that original subject-matter jurisdiction lies in the federal courts." *Syngenta*, 537 U.S. at 33. In other words, the removing defendant bears the burden of establishing that removal is proper. *See Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant").

In cases arising out of diversity jurisdiction, such as the present case, district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between...citizens of different States." 28 U.S.C. § 1332(a)(1). This requires that Defendants establish complete diversity, which dictates that "each plaintiff in a case be a citizen of a different state than each defendant." *Abramson v. Marriott Ownership Resorts, Inc.*, 155 F. Supp. 3d 1056, 1060 (C D. Cal. 2016); *see also* 28 U.S.C. § 1332(a).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01076-DOC-KESx                                      Date: July 30, 2024

Page 3

"[D]iversity of citizenship is assessed at the time the action is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 858, 860 (1991).

## III.    Discussion

No party disputes that the amount in controversy requirement for diversity jurisdiction is satisfied. Thus, the Court's jurisdiction turns on whether Defendants have met their burden to show that they are not citizens of California.[1]

Both Defendants are LLCs. An LLC is a citizen of every state in which its members or owners are citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Here, Anser Advisory's sole member is Accenture Sub IV, Inc., a corporation. A corporation is a citizen of its state of incorporation as well as the state it maintains its principal place of business. 28 U.S.C. § 1332(c)(1); *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994).

Defendants argue that Accenture Sub IV, and therefore Anser Advisory, is diverse with Plaintiff because Accenture Sub IV is neither incorporated nor headquartered in California. Defendants' only evidence regarding Accenture Sub IV's citizenship is a declaration offered by Robert Goldman, the "Secretary" of Accenture LLP. He avers that, on the date that that Plaintiff filed her complaint, Accenture Sub IV was incorporated in Delaware and maintained its principal place of business in Illinois. Declaration of Robert Goldman ("Goldman Decl.") (dkt. 1-7) ¶ 5.

This conclusory statement does not satisfy Defendants' burden to show that Accenture Sub IV is not a citizen of California. Plaintiff alleges that no defendant is diverse with her. To successfully rebut this allegation, Defendants must put on "competent proof" to the contrary. *See Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010). A conclusory declaration does not meet that standard. *See, e.g.*, *L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 805 F. Supp. 2d 932, 940 (C.D. Cal. 2011) ("[A] single piece of evidence…is insufficient for a party to prove the location of its headquarters under the nerve center test."); *Joseph v. Vitas Healthcare Corp. of California*, No. 2:19-CV-04987-ABG-JSX, 2019 WL 4053910, at *2 (C.D. Cal. Aug. 27, 2019) (conclusory declaration,

---

[1] Plaintiff also argues that her case should be remanded because Defendants' removal was untimely. Mot. at 21-22. Because there is an independent ground to remand, the Court expresses no view on the merit of Plaintiff's timeliness argument.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01076-DOC-KESx                                     Date: July 30, 2024

                                                                                  Page 4

even when paired with other supporting evidence, was not sufficient); *Zelidon v. Ground Servs. Int'l Inc.*, No. 2:22-CV-01626-SVW-AS, 2022 WL 3013228, at *2 (C.D. Cal. May 4, 2022) (same); *Ravishanker v. Mphasis Infrastructure Servs., Inc.*, No. 5:15-CV-02346-EJD, 2015 WL 6152779, at *2 (N.D. Cal. Oct. 20, 2015) (conclusory declaration was insufficient); *Ganesan v. GMAC Mortg., Inc.*, No. C 11–0046, 2011 WL 1496099, at *2 (N.D. Cal. Apr. 20, 2011). Accordingly, Defendants have not their burden of showing that Anser Advisory is diverse with Plaintiff.

This conclusion is sufficient to remand the case, as it is axiomatic that the presence of a single non-diverse defendant destroys complete diversity. *Yokeno v. Sekiguchi*, 754 F.3d 649, 652 (9th Cir. 2014). However, Defendants have also failed to prove that the other Defendant, Anser Advisory Management, LLC, is diverse with Plaintiff. Anser Advisory Management's sole member is Anser Advisory. Goldman Decl. ¶ 4. Because Defendants do not adequately prove Anser Advisory's citizenship, they necessarily do not prove Anser Advisory Management is a citizen of somewhere other than California. *See Johnson*, 437 F.3d at 899.

Defendants primarily argue in favor of diversity by attacking Plaintiff's evidence. Plaintiff primarily relies on Statements of Information that Defendants filed with the California Secretary of State, which indicate that Defendants are citizens of California. Defendants maintain that this filing is weak evidence of their citizenship. Opp'n at 11. This argument misallocates the burden. It is up to Defendants, not Plaintiff, to establish complete diversity using competent proof, and there is a strong presumption against removal. Indeed, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right to remove[.]" *See Gaus v. Miles, Inc.*, 980 F.2d 564, 655 (9th Cir. 1992). Defendants' evidence, as explained above, is too scant to rebut this presumption. Accordingly, this case must be remanded.

Plaintiff requests that, in the event that this case is remanded, Defendants pay her attorneys' fees. Mot. at 2. The Court rejects this request. Fees should be awarded "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Such circumstances are rare, and "removal is not objectively unreasonable solely because the removing party's arguments lack merit[.]" *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). Here, although Defendants' removal is unsuccessful, their attempt was not unreasonable. Plaintiff's request for fees is accordingly denied.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01076-DOC-KESx                              Date: July 30, 2024

Page 5

## IV.     Disposition

For the foregoing reasons, the Court **GRANTS** the Motion and **REMANDS** the case to Orange County Superior Court. All future dates in this matter are **VACATED**.

Defendants' Motion to Dismiss (dkt. 8) is **DENIED AS MOOT**.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                             Initials of Deputy Clerk: kdu

CIVIL-GEN